IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SHEILA RODRIGUEZ-FIGUEROA,** <br><br> Plaintiff, <br><br> v. <br><br> **TORY BURCH, LLC, ET AL.,** <br><br> Defendants. | **CIV. NO.** 20-1217 (MDM) |

## OPINION AND ORDER

Pending before the Court is Defendants Tory Burch, LLC, and Federal Insurance's (hereinafter "Defendants") Motion to Compel Discovery. (Docket No. 75). Plaintiff Sheila Rodríguez-Figueroa ("Plaintiff") opposed the motion. (Docket No. 76). Defendant replied (Docket No. 77-1) and Plaintiff then filed a sur-reply. (Docket No. 79-1). The matter was referred to the undersigned for disposition. (Docket No. 83). For the following reasons, Defendants' Motion to Compel Discovery is **GRANTED**.

I.  Relevant Procedural Background

This is a personal injury suit arising from an accident that Plaintiff purportedly suffered while shopping at the Tory Burch store in the Mall of San Juan in Puerto Rico when a handbag display allegedly fell on top of her.

In pertinent part, on September 23, 2021, during the deposition of Plaintiff's expert, the Defendants purportedly learned that Plaintiff had radiological images that were in her possession, but which Plaintiff had not produced. On November 2, 2021, the radiological images of the Plaintiff were produced to the Defendants. The Defendants' expert proceeded to review the images and observed the presence of degenerative changes in certain parts of the Plaintiff's body, which appeared to be unrelated to the accident that Plaintiff suffered at Tory Burch.

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 2 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.*                                                                                             PAGE 2
Civ. No. 20-1217 (SCC-MDM)
_____

As a result, on November 9, 2021, Defendants requested authorization from the Court to serve Plaintiff with a brief interrogatory and a brief request for production of documents, arguing that evidence recently produced, namely, pre-accident cervical x-ray images, raised further questions that needed to be addressed. (Docket No. 69). Plaintiff opposed the Defendants' request to conduct brief written discovery at this juncture claiming that the Defendants were "overplaying [their] hand and attempting to exploit this matter of the [x-ray] images to reopen discovery" at a late stage of the litigation. In Plaintiff's view, the matter of allowing the Defendants to conduct written discovery in this case had been settled by Judge Gustavo A. Gelpí, the former presiding Judge, in December 2020, when Judge Gelpí denied the Defendants' request for an extension of time to serve written discovery on the Plaintiff.[1]

The Court evaluated the Defendants' request for authorization to conduct brief written discovery in light of newly obtained evidence and the Plaintiff's opposition thereto. Despite Judge Gelpí's prior Order, however, the current presiding Judge Silvia Careño-Coll, **granted** the Defendants' request to conduct brief written discovery at this time. (Docket No. 71). As a result, the Court allowed the Defendants until November 30, 2021, to submit their brief written discovery requests, which the Defendants had explained would be comprised of five interrogatories and five requests for production of documents. *Id.* The Defendants, in turn, complied with the Court's deadline and served five interrogatories and five requests for production of

---

[1] On December 29, 2020, Judge Gelpí denied the Defendants' motion for extension of time to serve written discovery. Judge Gelpí correctly observed that the Defendants' request was untimely as it was requested thirty-seven (37) days after the deadline to serve written discovery had elapsed. (*See* Docket No. 29). The Court did not opine on the content of the proposed discovery, its scope or relevancy. Rather, it gave great weight to the fact that Defendants disregarded the Court's previously imposed deadline, which Defendants themselves had proposed and agreed to at the initial scheduling conference. Furthermore, the Court furnished considerable weight to the fact that "[a]dministering a bustling docket is hard work" and "[i]n recognition of the difficulty of this task, "[t]he Civil Rules endow trial judges with formidable case-management authority." *Rosario–Díaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998). Having found that the Defendant's motion failed to assert excusable neglect, the Court denied their motion for extension of time to serve written discovery upon the Plaintiff.

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 3 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.* PAGE 3
Civ. No. 20-1217 (SCC-MDM)
_____

documents on the Plaintiff. To this day, however, the Plaintiff has refused to answer a single discovery request propounded by the Defendants.

II.     Standard of Review

Rule 26(b) allows a very broad range of discovery: "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). However, the information being sought must not be duplicative or burdensome, but it "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(2). The term "relevant information" within Rule 26 "includes any matter that is or may become an issue in the litigation." *Whittingham v. Amherst College,* 164 F.R.D. 124, 127 (D. Mass. 1995).

"It is well settled that: [t]he party resisting production bears the burden of establishing lack of relevancy or undue burden . . . [T]he "mere statement by a party that the interrogatory . . . was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Aponte–Navedo, et al. v. Nalco Chemical Co., et al.,* 268 F.R.D. 31, 36–38 (D.P.R. 2010) "On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Aponte–Navedo, id.* (quoting *Sánchez–Medina v. UNICCO Serv. Co.,* 265 F.R.D. 24, 27 (D.P.R. 2009)). Rule 33(b)(4) also states that: "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

III.　Discussion

In the Court's view, the matter before it is quite simple. Here, following the Plaintiff's deposition, the Defendants sought leave of the Court to conduct brief written discovery based on newly discovered information. The Plaintiff had an opportunity to challenge the discovery sought by the Defendants and indeed she did. Having considered both sides, the Court allowed the brief written discovery sought by the Defendants. In other words, the Court unambiguously granted the Defendants permission to conduct such written discovery by a designated date. The Defendants accordingly tendered five (5) interrogatories and five (5) requests for production of documents to which the Plaintiff was to respond. Despite the Court's unequivocal Order allowing the discovery, the Plaintiff has continuously refused to answer the brief written discovery requests submitted by the Defendants.

Plaintiff's main objection to answering the written discovery requests is that a prior Order by Judge Gelpí denying the Defendants an extension of time to conduct written discovery back in 2020 somehow preempts a recent Order by the current presiding judge, which clearly authorized the Defendants to conduct brief written discovery at this juncture. To be sure, back then, the Plaintiff objected strenuously to the Defendants' request to be allowed the brief discovery at issue, and now she basically raises the same challenges. It is the Plaintiff's self-serving contention that Judge Carreño-Coll's Order at Docket No. 71 somehow does not apply here or does not have full force and effect. According to the Plaintiff, therefore, she can disregard such Order and refuse to answer the Defendants' permitted discovery. Plaintiff's reasoning is ill-advised and cannot be sanctioned. The Court's Order at Docket No. 71 granting the Defendants permission to conduct brief written discovery is the law of the case, and the Plaintiff must abide by it, period. As such, Plaintiff's general objection to answering the written discovery requests based on Judge Gelpí's prior Order misses the mark.

Moving on, of note, the Defendants originally submitted five (5) interrogatories and five (5) requests for production of documents, but they have now shortened that

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 5 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.*                                                                                                                        PAGE 5
Civ. No. 20-1217 (SCC-MDM)
_____

request to four (4) each, for a total of eight (8) written discovery requests. Plaintiff, however, has chosen not to answer a single one. As a result of Plaintiff's obstinacy, the Defendants ask the Court for an order to compel the Plaintiff to respond fully to the brief written discovery request submitted. The Defendants' theory is that in order for them to successfully assert their defenses in this case, Plaintiff must be compelled to provide the specific information and documents requested. In support of their motion to compel, the Defendants maintain that the discovery requests were specifically allowed by this Court, that the information and documents sought are relevant, and that Plaintiff is misguided in refusing to answer. The Court agrees.

According to the parties, they have made reasonable and good-faith efforts to reach an agreement on the matters set forth in the motion but have reached an impasse and are unable to resolve this matter without the Court's intervention. (*See,* Local Rule 26(b); *see also* Fed. R. Civ. P. 37). The Court must therefore resolve the present discovery dispute and, in turn, addresses each of the Defendants' requests and Plaintiff's objections thereto.

    a.    **Interrogatories**

        1.    *Interrogatory No. 1*

This interrogatory asks the Plaintiff to describe, in general terms, any bodily injuries or illnesses that she has suffered which have required the care of a doctor, chiropractor, osteopath, therapist, or other health care provider. It also asks how, when, and where the Plaintiff was injured, who cared for her, and the address where the Plaintiff received care. Plaintiff mainly objects to this interrogatory for being overly broad and not proportional to the needs of the case, arguing it asks for injuries suffered "during her entire life."

The Defendants have clarified that this interrogatory is intended to discover information on *significant* bodily injuries or illnesses that Plaintiff has suffered and not minor bumps or scrapes. It is thus pellucid that, contrary to Plaintiff's objections, the information requested is not intended to cover every single bodily injury the Plaintiff has conceivably suffered throughout the course of her entire life, such as,

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 6 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.*  PAGE 6
Civ. No. 20-1217 (SCC-MDM)
_____

minor wounds, fleeting common sicknesses, or injuries akin to knee scrapes suffered by the Plaintiff during her toddler years. The Defendants moreover observe that the interrogatory intends to discover information concerning significant injuries that Plaintiff might have suffered in a rear impact vehicle collision that occurred one month after Plaintiff's accident at the Tory Burch store. Furthermore, the Defendants maintain that information pertaining to Plaintiff's medical history, conditions, and injuries, which goes to the crucial issue of damages, the most contentious aspect of this case, is relevant to the Plaintiff's claims and their defenses.

The Court agrees that the information requested in this interrogatory is indeed relevant and therefore discoverable. The Court also finds that Plaintiff's objections to answering this interrogatory are unavailing. Accordingly, the Defendants' request to compel the answer to this interrogatory is **GRANTED** and the Plaintiff is **ORDERED** to answer the interrogatory to the best of her ability and recollection.

2. *Interrogatory No. 2*

This interrogatory asks the Plaintiff whether in the five years prior to the date of the accident being litigated in this case, or at any time thereafter, she has been treated by a doctor, a chiropractor, an osteopath, a technician, or another health care provider, or whether she was treated at a hospital or clinic, or underwent any x-ray, MRI, CT-Scan, or other study for any reason. If so, the Defendants request the name and address of any such hospital, physician, chiropractor, technician, healthcare provider, clinic or hospital, the approximate date of the service provided to the Plaintiff, and asks her to describe, in general terms, the reason for such service. Defendants also request the original of said x-ray, MRI, and CT scan films. Plaintiff chiefly objects to this interrogatory on the basis of Judge Gelpí's prior Order, saying that any written discovery has been disallowed, and, therefore, she need not answer. Plaintiff further objects to answering the interrogatory arguing that the question should have been asked during her deposition.

By now, the Court has found that Plaintiff's general objections and refusal to comply with her discovery obligations relying on Judge Gelpí's prior Order are

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 7 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.* PAGE 7
Civ. No. 20-1217 (SCC-MDM)
_____

without merit. Plaintiff's other objection is also unconvincing, and the Court finds no issue with this interrogatory. Information related to Plaintiff's medical history, conditions, prior injuries, and related treatment, like the information requested here, is indeed relevant to the case and is necessarily discoverable. The Defendants' interrogatory seeks information that is relevant to the Plaintiff's claims, the defenses raised, the question of Plaintiff's damages as a result of the accident at the Tory Burch store and her theories of recovery. Accordingly, the Defendants' request to compel the answer to this interrogatory is **GRANTED** and the Plaintiff is **ORDERED** to answer the interrogatory to the best of her ability and recollection.

3. *Interrogatory No. 3*

This interrogatory asks the Plaintiff to provide information pertaining to injuries suffered by her in the *same areas* that she claims she injured on the day of the accident at the Tory Burch store. More specifically, it requests information regarding whether Plaintiff has had any problems with any of these injured areas, or, whether she has ever injured those same areas at any other point in her life. If the answer is in the affirmative, the Defendants request that the Plaintiff provide the cause of such injury, the area(s) of the injury, when the injury arose, and when it ended, if at all. The interrogatory also requests the names and addresses of the doctors, therapists, or other health care providers the Plaintiff saw for these injuries, what kind of symptoms Plaintiff felt, what diagnoses were reached, and what limitations Plaintiff had, if any (not limited to pain, but also including disability if applicable). Plaintiff objects to answering this interrogatory on the basis that it is overly broad and not proportional to the needs of the case because it covers information pertaining to her "entire life." Plaintiff further objects to answering the interrogatory because the question should have been asked during her deposition.

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 8 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.* PAGE 8
Civ. No. 20-1217 (SCC-MDM)
_____

Plaintiff's objections are unavailing, and the Court finds no issue with this interrogatory. Information related to Plaintiff's medical history, prior injuries, and related treatment and care, like the information requested here, is indeed relevant to the case and necessarily discoverable. This interrogatory, moreover, is not overly broad as it specifically limits its scope to information related to Plaintiff's injuries and related treatment in the same areas where Plaintiff was hurt as a result of the accident at issue. Indeed, the Defendants' interrogatory seeks information that is relevant to the Plaintiff's claims, the defenses raised, and the question of Plaintiff's damages as a result of the accident at the Tory Burch store and her theories of recovery. Accordingly, the Defendants' request to compel the answer to this interrogatory is **GRANTED** and the Plaintiff is **ORDERED** to answer the interrogatory to the best of her ability and recollection.

4. *Interrogatory No. 4*

This interrogatory asks the Plaintiff whether she has ever filed any other lawsuit for personal or bodily injuries. If the answer is in the affirmative, the Defendants ask the Plaintiff to state the court in which the case was filed, the year filed, the title and docket number of the case, and the final outcome of the case. Plaintiff objects to this interrogatory for being overly broad and not proportional to the needs of the case, arguing it covers information about her "entire life." Plaintiff further objects to answering this interrogatory claiming that the question should have been asked during her deposition.

The Defendants have clarified that this question was indeed asked during the Plaintiff's deposition, which was taken in February 2021, and they say that the Plaintiff answered in the negative. But the Defendants know that Plaintiff had an accident in Florida in January 2020, and that a personal injury suit in that state has a statute of limitations of two (2) years. According to the Defendants, therefore, asking this question now is both proper and relevant for the purpose of supplementation. It thus becomes clear that the interrogatory wishes to supplement

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 9 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.* PAGE 9
Civ. No. 20-1217 (SCC-MDM)
_____

the Plaintiff's prior answer in her deposition and simply asks whether the Plaintiff has taken legal action since she was deposed.

The Court finds no issue with this interrogatory, which asks relevant information, and finds that Plaintiff's objections have no merit. The undersigned fails to understand Plaintiff's obstinacy and refusal to answer simple interrogatories that can be quickly and effortlessly answered by her. Accordingly, the Defendants' request to compel the answer to this interrogatory is **GRANTED** and the Plaintiff is **ORDERED** to answer it to the best of her ability.

    b.    **Requests for Production of Documents ("RFPD")**

        1.    *RFPD No. 1*

This request asks the Plaintiff to provide information about her medical records, specifically, x-rays, CT-Scans and MRI imaging films and similar images taken on any part of Plaintiff's body since January 1, 2015. It also requests that the Plaintiff provide all medical records in her possession of any medical or chiropractic visit, or any treatment, rendered at any time, that has *not* been produced to date. Plaintiff mainly objects to providing the requested documentation on the basis of Judge Gelpí's prior Order, arguing that any written discovery request by the Defendants has been disallowed, and, therefore, she need not answer. Plaintiff further objects to providing the requested documents claiming that the RFPD is overbroad because it covers information spanning her "entire life."

Previously, the Court concluded that Plaintiff's general objections and refusal to comply with her discovery obligations relying on Judge Gelpí's prior Order are without merit. Plaintiff's other objection is similarly unconvincing. The Court finds no issue with this interrogatory because it pertains to information related to Plaintiff's medical history, conditions, prior injuries, related treatment, and so forth, which is certainly relevant to the case and necessarily discoverable. Moreover, the Defendants' request seeks information that is particularly relevant to the Plaintiff's claims, the defenses raised, the question of Plaintiff's damages as a result of the accident at the Tory Burch store, and her theories of recovery. Accordingly, the

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 10 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.*                                                                                                       PAGE 10
Civ. No. 20-1217 (SCC-MDM)
_____

Defendants' request to compel a response to this RFPD is **GRANTED** and the Plaintiff is **ORDERED** to respond to the request to the best of her ability.

### 2.   *RFPD No. 2*

This request asks the Plaintiff to provide documentation related to any lawsuit or extrajudicial claim filed by her or someone on her behalf, in which she has claimed damages due to physical injury. Plaintiff objects to this RFPD claiming that the request is overbroad because it covers her "entire life."

The Defendants have clarified that the RFPD is limited in scope to information specifically pertaining to lawsuits for bodily injuries which Plaintiff may have filed, as explained in the discussion of Interrogatory No. 4, *since* the date of her deposition. According to the Defendants, therefore, requesting these documents now is both proper and relevant. The RFPD simply wishes to supplement the Plaintiff's prior answer and requests for documents of any legal action Plaintiff may have filed since she was deposed. The Court finds no issue with this interrogatory, which asks relevant information, and finds that Plaintiff's objections and refusal to answer have no merit. The undersigned fails to comprehend the Plaintiff's obstinacy and refusal to answer simple questions to which she can quickly and effortlessly respond. Accordingly, the Defendants' request to compel a response to this RFPD is **GRANTED** and the Plaintiff is **ORDERED** to respond to it to the best of her ability.

### 3.   *RFPD No. 3*

This request asks the Plaintiff to provide all digital image files of photographs taken during Plaintiff's trip to Puerto Rico in December 2019, either taken by the Plaintiff or other persons, whether stored on any computer, tablet or cell phone belonging to Plaintiff, or on any other form of storage. Plaintiff objects to answering this RFPD arguing that the request is overbroad, invasive, and not proportional to the needs of the case because it requests *all* photographs from the trip to Puerto Rico, including photos of things and other people.

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 11 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.*  PAGE 11
Civ. No. 20-1217 (SCC-MDM)
_____

In response to Plaintiff's objections, the Defendants observe that Plaintiff has produced PDF files of pictures from the trip that she claims were taken *after* her accident at the Tory Burch store, which show the Plaintiff with a sling. The Defendants observe that the RFPD asks for the actual image files, which they argue, would allow them to determine the specific date in which the picture was taken. Defendants further contend that the request for other pictures taken during Plaintiff's trip to Puerto Rico is quite relevant and proper because they may depict the Plaintiff *without* a sling *after* the accident or may depict her with a sling *before* the accident. In addition, the Defendants argue that these pictures may shed light on the activities that Plaintiff engaged in while visiting Puerto Rico, which may, for example, depict Plaintiff doing activities that are incompatible with her medical conditions or the injuries she claims to have suffered as a result of the accident. The bottom line is, per the Defendants' contention, that the photographs she took while in Puerto Rico are potentially quite telling and indeed relevant. The Defendants clarified that they have no interest in any intimate picture(s) that Plaintiff might have.

Based on the Defendants' arguments, which the Court deems entirely reasonable, the Court finds no issue with this RFPD, which requests relevant information and documents reasonably calculated to lead to the discovery of further admissible evidence. The scope of the photographs that the Defendants intend to discover is evident. Plaintiff and her counsel may of course use their best professional judgment in exchanging these photographs so as to not produce anything intimate, improper, or irrelevant. Accordingly, the Defendants' request to compel the answer to this RFPD is **GRANTED** and the Plaintiff is **ORDERED** to respond it to the best of her ability.

    4.  *RFPD No. 4*

This request asks the Plaintiff to provide all health insurance statements, utilization reports, and any other correspondence exchanged with any health insurer since January 1, 2010. Plaintiff objects to this RFPD claiming that it is overbroad

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 12 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.*  PAGE 12
Civ. No. 20-1217 (SCC-MDM)
_____

because it covers ten (10) years of Plaintiff's life and is not proportional to the needs of the case. Plaintiff also objects to answering this request on the basis that it is invasive, arguing that it covers medical services completely unrelated to any relevant bodily injury, for example, it covers records of any injury, including something like a stomach virus or maybe a minor dermatological condition from back in 2010.

The Defendants respond to Plaintiff's objections first by arguing that they request this documentation spanning ten (10) years because Plaintiff's recent radiological images show advanced degenerative disc disease in her cervical spine that progresses over many years, so they argue that the timeframe of the request is fair and relevant. As for Plaintiff's objection that the request is overly broad because it encompasses documentation which may pertain to irrelevant conditions, the Defendants maintain that insurance statements or utilization reports are not generated per medical condition, but rather, per time periods. As such, while the reports might include irrelevant conditions, they indeed may include conditions entirely relevant to Plaintiff's claims of damages in this case.

The Court agrees that the information requested in this RFPD, which pertains to Plaintiff's medical history and conditions, both of which go to the crucial issue of damages, is relevant to the Plaintiff's claims and Defendants' defenses. The Court also finds that Plaintiff's objections and refusal to respond to this RFPD is without merit. Because the information is indeed relevant and therefore discoverable, the Defendants' request to compel a response to this RFPD is **GRANTED** and the Plaintiff is **ORDERED** to respond to it to the best of her ability.

To wrap it up, based on the foregoing, the Defendants' Motion to Compel Discovery at Docket No. 75 is **GRANTED** in its entirety, and the Plaintiff is **ORDERED** to answer the requests served on her by Friday, May 3, 2022.

Case 3:20-cv-01217-SCC-MDM   Document 84   Filed 04/19/22   Page 13 of 13

*Rodríguez Figueroa v. Tory Burch, et. al.*  PAGE 13
Civ. No. 20-1217 (SCC-MDM)
_____

On a final note, the undersigned strongly urges the parties to use their best professional judgment, abilities, and common sense, to resolve in good faith any ensuing discovery issue related to this matter without further intervention from the Court in the interest of judicial economy.

In San Juan, Puerto Rico, this 19th day of April 2022.

_____
MARSHAL D. MORGAN
United States Magistrate Judge